UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA MCFAUL, | Case No.: CV 12-5685 PSG |
| Plaintiff, | **ORDER GRANTING LEAVE TO AMEND** |
| v. | |
| BANK OF AMERICA, N.A., et al, | **(Re: Docket No. 25)** |
| Defendants. | |

Plaintiff Patricia McFaul ("McFaul") seeks leave to amend her complaint against Defendant Bank of America N.A. ("Bank of America") to add a claim for violation of the California Consumer Credit Reporting Agencies Act ("CCRA"), California Civil Code Section 1785.25. Bank of America opposes on various grounds. Having considered the parties' papers and arguments, the court GRANTS McFaul's motion.

In her current complaint, McFaul alleges that Bank of America engaged in a collection process that violates the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788.17, which amounted to slander of title and intrusion upon seclusion.[1] According to McFaul, a review of her credit reports at the initiation of this suit in November 2012 did not reveal that Bank of America had provided to the credit reporting agencies any information regarding the

---

[1] *See* Docket No. 1.

ORDER

underlying disputed debt. After Bank of America produced discovery regarding McFaul's account, however, she discovered Bank of America in fact had made representations to the reporting agencies that McFaul alleges are false and a violation of the CCRA. She now seeks to amend her complaint to add a CCRA complaint.

Bank of America opposes, asserting that McFaul has not shown good cause for amending her complaint because she should have known about the reports before she filed her complaint. Bank of America also maintains that the amendment of the claim would be futile because the CCRA does not provide a private cause of action for the type of violation McFaul seeks to add.

## I.  LEGAL STANDARDS

When a scheduling order has been issued with deadlines for amending the pleadings and that deadline has passed, a plaintiff first must comply with Fed. R. Civ. P. 16(b)(4) to modify the scheduling order to allow for late amendments.[2] Fed. R. Civ. P. 16(b)(4) requires a "good cause" showing. The focus of the good cause inquiry in the Rule 16(b) context is the "diligence of the party seeking the modification," in particular whether the party was "diligent in assisting the [c]ourt to create a workable schedule at the outset of litigation," whether "the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply" and whether the party was "diligent in seeking the amendment once it became apparent that extensions were necessary."[3]

If a plaintiff has successfully shown good cause, then pursuant to Fed. R. Civ. P. 15(a)(1), a plaintiff "may amend its pleading once as a matter of course" within 21 days after serving the complaint or, if a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Fed. R. Civ. P. 12(b), (e), or (f). Any

---

[2] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[3] *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012) (citing *Johnson*, 975 F.2d at 609).

ORDER

subsequent amendments require "the opposing party's written consent or the court's leave."[4]  "The court should freely give leave when justice so requires."[5]

### III.  DISCUSSION

The court entered a scheduling order for this case on January 25, 2013 and set March 27, 2013 as the deadline for amending the complaint.[6] McFaul therefore must satisfy not only the liberal amendment policy under Rule 15(a) but also the good cause standard under Rule 16(b).

The court finds that McFaul has provided sufficient good cause to satisfy Rule 16(b) and justify amendment of the scheduling order.  McFaul's counsel reviewed her credit report information prior to filing the complaint, and upon finding no information suggesting a CCRA violation, did not include that claim.[7]  Bank of America asserts that McFaul had notice in March 2012 when its representative warned her that default could lead to reporting to the credit agencies.  But notice that Bank of America may report the default only gave McFaul notice to check her credit report, which her attorney did.  Only upon receiving documents from Bank of America disclosing that it in fact had reported the default and then purportedly withdrew the report did McFaul uncover facts suggesting a violation may have occurred.  The court finds that McFaul has attempted diligently to amend her complaint to add the uncovered complaint.

The court also finds Bank of America's futility argument meritless.  As McFaul points out, the CCRA has been amended to provide a private cause of action for the type of conduct in which she alleges Bank of America engaged.[8]  It is true that other district courts have held that the CCRA does not provide a private cause of action against furnishers of information to credit agencies.[9]

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *See* Docket No. 18.

[7] *See* Docket No. 26.

[8] *See* Cal. Civ. Code § 1785.25(g).

ORDER

Those cases rely on *Pulver v. Avco Fin. Serv.*,[10] in which the California Court of Appeal held that the CCRA did not provide a private cause of action against furnishers of information because the California Legislature intended only to regulate credit reporting agencies.[11] But *Pulver* pre-dates the California Legislature's 1993 amendment of the CCRA to include Section 1785.25, which explicitly provides a private cause of action against parties furnishing information to credit reporting agencies.[12] In *Gorman v. Wolpoff & Abramson, LLP*, the Ninth Circuit acknowledged as much in its holding that the Federal Credit Reporting Act does not preempt the private cause of action Section 1785.25 provides.[13] The court agrees with McFaul that she may allege a cause of action against Bank of America for the alleged reports.

Bank of America's conclusory claims of prejudice therefore likewise fail. Bank of America bases its prejudice argument on McFaul's delay and on having to respond to a claim that fails as a matter of law. The court has determined that McFaul's proposed claim is viable, and the court finds Bank of America's timeliness argument is unavailing. Discovery has yet to close and McFaul moved for leave to amend less than a month after the deadline had passed. Bank of America has not provided any evidence of how it would suffer if the court permitted McFaul to add this claim.

---

[9] *See, e.g., Samuel v. CitiMortgage*, Case No. C 12-5871 MEJ, 2013 WL 1501491, at *4 (N.D. Cal. Apr. 10, 2013) (finding Section 1785.31 does not provide a private cause of action against furnishers of information and listing other cases in agreement).

[10] 182 Cal. App. 3d 622, 633 (1986).

[11] *See id.*

[12] *See* Assemb. B. 1629, 1992 Leg., Reg. Sess. (Cal. 1992) ("Existing law does not specifically impose obligations on furnishers of information to consumer credit reporting agencies concerning accuracy and completeness . . . . This bill would impose various obligations on persons furnishing this information, including a requirement for investigation of disputes.").

[13] *See* 584 F.3d 1147, 1171 (9th Cir. 2009) (acknowledging that Section 1785.25(g) permits private enforcement); *see also Abdelfattah v. Carrington Mortg. Servs. LLC*, Case No. C-12-04656-RMW, 2013 WL 495358, at *4 (N.D. Cal. Feb. 7, 2013).

ORDER

Having determined McFaul's additional is not futile and that she has shown good cause to amend her complaint, the court GRANTS McFaul's request. She shall file the amended complaint within seven days of this order.

**IT IS SO ORDERED.**

Dated: May 29, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

ORDER