CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
(wkennedy@kennedyconsumerlaw.com)
2797 Park Avenue, Suite 201
Santa Clara, CA  95050
(408) 241-1000 -TEL
(408) 241-1500 – FAX

Robert David Humphreys (*Pro Hac Vice OBA #12346)*
david@hwh-law.com
Lucius James Wallace
luke@hwh-law.com (*Pro Hac Vice OBA #16070*)
Humphreys Wallace Humphreys, P.C.
9202 S. Toledo Avenue
Tulsa, OK  74137
(918) 747-5300 Telephone
(918) 747-5311 Facsimile

WILLIAM PURDY (CSB #96027)
LAW OFFICE OF SIMMONS & PURDY
2425 Porter Street, Suite 10
Soquel, CA 95073
(831) 464-6884
(831) 464-6886 fax
bill@@pamelaw.com

Attorneys for Plaintiff Patricia McFaul

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA MCFAUL, an individual | ) |
| | ) |
| | )   Case No.: 12-cv-05685-PSG |
| | ) |
| Plaintiff, | )  **PLAINTIFF PATRICIA MCFAUL'S** |
| | )  **PROPOSED JURY INSTRUCTIONS** |
| vs. | ) |
| | )  Trial Date: February 24, 2014 |
| BANK OF AMERICA, N.A. | )  Time: 9:30 a.m. |
| | )  Hon. Paul S. Grewal |
| Defendant. | )  Courtroom 5, 4th Floor |
| | ) |
| | ) |
| | ) |

1   PLAINTIFF HEREBY REQUESTS THE FOLLOWING JURY INSTRUCTIONS.

2   Respectfully submitted,

3                                   HUMPHREYS WALLACE HUMPHREYS, P.C.

4

5                           By:___/s/ David Humphreys_____
                                   Robert David Humphreys, OBA #12346
6                                  Lucius James Wallace, OBA # 16070
                                   9202 S. Toledo Avenue
7                                  Tulsa, Oklahoma 74137
                                   (918) 747-5300 / (918) 747-5311 fax
8                                  **PRO HAC VICE ATTORNEYS**
                                   **FOR PLAINTIFF**
9
                                   William E. Kennedy (CSB #158214)
10                                 CONSUMER LAW OFFICE OF WILLIAM E.
                                   KENNEDY
11                                 2797 Park Avenue, Suite 201
                                   Santa Clara, CA  95050
12                                 (408) 241-1000 -TEL
                                   (408) 241-1500 – FAX
13                                 **ATTORNEY FOR PLAINTIFF**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.      REQUESTED NINTH CIRCUIT MODEL INSTRUCTIONS:**

1.1a, 1.1C, 1.2, 1.3, 1.4 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.15, 1.18, 1.19, 2.2, 2.4, 2.12, 2.13, 2.3, 2.5, 2.10, 2.14, 3.1, 3.2, 3.3, 3.5 and 4.2

**II. PLAINTIFF ALSO PROPOSES THE FOLLOWING SPECIAL INSTRUCTIONS; SOME OF THE MODEL INSTRUCTIONS HAVE BEEN MODIFIED.**

See attached:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# MODEL 1.2 CLAIMS AND DEFENSES

2

3
        To help you follow the evidence, I will give you a brief summary of the positions of the parties:

4

5
        Plaintiff alleges that Defendant continued to collect, foreclose, and report as delinquent her home loan after knowing and being told that her loan was paid in full. Plaintiff alleges that Defendant violated the Rosenthal Fair Debt Collection Practices Act.  Defendant invaded her privacy by intruding upon her seclusion, Defendant slandered title to her property, and Defendant violated the California Consumer Credit Reporting Act.

6

7
        Defendant alleges _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## IS A STRICT LIABILITY STATUTE

2

3

      The Rosenthal Act is a "strict liability" statute.   McFaul need not prove either that defendant knew that its debt collection practices were illegal or that it intended to violate the law.

4

5

6

Cal. Civ.Code § 1788.17; *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162 (9th Cir.2006); *Costa v. National Action Financial Services* 634 F.Supp.2d 1069, 1075 (E.D.Cal.,2007); *Irwin v. Mascott,* 112 F.Supp.2d 937, 963 (N.D.Cal.2000); *Reed v. Global Acceptance Credit Co.* 2008 WL 3330165, 2 -3 (N.D.Cal.,2008)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
DEFINITION OF "DEBT COLLECTOR"**

2

3      The Rosenthal Act applies to the actions of "debt collectors." The term "debt collector"
means any person who, in the ordinary course of business, regularly, on behalf of himself or
herself or others, engages in debt collection.

4

5    Civil Code § 1788.2(c)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CALIFORNIA ROSENTHAL ACT
## VIOLATION OF § 1788.17

3

The Rosenthal provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

4

California Civil Code § 1788.17; 15 U.S.C.A. § 1692f; *Alkan v. Citimortgage, Inc.,* 336 F.Supp 2d 1061, 1065 (2004).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**CALIFORNIA ROSENTHAL ACT**
**VIOLATION OF § 1788.17**

3

    The Rosenthal Act provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection or attempt to collect upon any debt.

4

5

California Civil Code § 1788.17; 15 U.S.C.A. § 1692e; 1692c(10); *Alkan v. Citimortgage, Inc.,* 336 F.Supp 2d 1061, 1065 (2004).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CALIFORNIA ROSENTHAL ACT
## VIOLATION OF § 1788.17

2

3

     The Rosenthal Act provides that a debt collector may not make any false representation regarding the character, amount, or legal status of any debt.

4

California Civil Code § 1788.17; 15 U.S.C.A. § 1692e(2)(A); *Alkan v. Citimortgage, Inc.,* 336 F.Supp 2d 1061, 1065 (2004).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CALIFORNIA ROSENTHAL ACT
## VIOLATION OF § 1788.13(e)

3

4

   The Rosenthal Act provides that no debt collector shall collect or attempt to collect a consumer debt by means of a false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.

5

California Civil Code § 1788.13(e);

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CALIFORNIA ROSENTHAL ACT**
**VIOLATION OF § 1788.17**

2

3

    The Rosenthal Act provides that a debt collector may not collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

4

California Civil Code § 1788.17; 15 U.S.C.A. § 1692f(1); *Alkan v. Citimortgage, Inc.* 336 F.Supp 2d 1061, 1065 (2004).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEASURE OF DAMAGES ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

2

     For any violation of the Rosenthal Act, Defendant shall be liable to the debtor in an

3

amount equal to any actual damages sustained as a result of the violation.  Actual damages include out of pocket expenses, personal humiliation, embarrassment, mental anguish and emotional distress.

4

Cal Civ. Code §§ 1788.17, 1788.30(a); 15 U.S.C. §1692k ; *Skinner v. Green Tree Servicing LLC*

5

2012 WL 6554530, 6 (N.D.Cal.) (N.D.Cal.,2012); *Panahiasl v. Gurney,* No. 04-04479 JF, 2007 WL 738642, at *1, 2007 U.S. Dist. LEXIS 17269, at *3 (N.D.Cal. Mar. 8, 2007); *Fausto v.*

6

*Credigy Services Corp.* 598 F.Supp.2d 1049, 1054 -1055 (N.D.Cal., 2009).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**STATUTORY DAMAGES – ROSENTHAL ACT**

        If you find that Bank of America has violated any provision of Civil Code § 1788.17 of
the Rosenthal Act (as opposed to Civil Code § 1788.13), you may award statutory damages.
Statutory damages are in addition to actual damages, and can be awarded regardless of whether
actual damages are awarded.  In determining the amount of statutory damages to be awarded
under the Rosenthal Act, you should consider among other relevant factors, the frequency and
persistence of noncompliance,  the nature of such noncompliance, and the extent to which
noncompliance was intentional. Any award of statutory damages shall be not more than
$1,000.00.

3

4

5

6

7

Civil Code 1788.17, 15 U.S.C. § 1692k.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PUNITIVE DAMAGES – ROSENTHAL ACT**

2

    If you find that Bank of America has violated any provision of the Rosenthal Act, in

3
addition to actual damages and statutory damages, and regardless of whether either is awarded,

you may award punitive damages.  Punitive damages shall be awarded if the debt collector

4
willfully and knowingly violates the Rosenthal Act.  Any award of punitive damages shall be at

least $100.00 but not more than $1,000.00.

5

Civil Code 1788.30(b)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INTRUSION UPON SECLUSION**

2

     A claim for intrusion upon seclusion contains two elements: 1) intrusion into a private

3

place, conversation or matter, and 2) in a manner highly offensive to a reasonable person.  You

must evaluate the nature of the intrusions in the context, conduct and circumstances surrounding

4

the intrusion.

5

6

*Thompson v. Chase Bank N.A.*, Case No. 09-cv-2143-DMS-POR, 2010 WL 1329061, at *4 (S.D.

Cal. Mar. 30, 2010) citing *Shulman v. Group W Productions*, 18 Cal. 4th 200, 232 (1998).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**MEASURES OF DAMAGES**
**INTRUSION UPON SECLUSION**

3

In determining the measure of damages you should consider:

4

The nature and extent of the injuries;

5

The mental, physical, or emotional pain and suffering experienced by the
Plaintiff.

6

7

There is no fixed standard or measure for the amount of damages for mental damages
such as humiliation, embarrassment, anguish, loss of sleep, loss of appetite, or nervous crying
spells due to the Defendant's conduct.  You must use your judgment to decide a reasonable
amount based on the evidence and your common sense.

8

9

10

The Plaintiff may recover for emotional pain and suffering based on their own subjective
testimony about their feelings.  The Plaintiff does not have to present the testimony of medical
experts or other testimony to prove their emotional pain and suffering.

11

12

Ninth Circuit Model Jury Instruction No. 5-2
CACI No. 1820

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SLANDER OF TITLE--Essential Elements**

Slander of title consists of:

2

3

(1) a publication, which is
(2) without privilege or justification or with malice,
(3) false, and
(4) causes pecuniary loss.

4

5

Pecuniary loss means any financial loss or out of pocket expense.

6

7

*La Jolla Group II v. Bruce,* 211 Cal.App.4th 461, 472, 149 Cal.Rptr.3d 716, 724 (Cal.App. 5
Dist.2012); *Manhattan Loft, LLC v. Mercury Liquors, Inc.,* (2009) 173 Cal.App.4th 1040, 1051,
93 Cal.Rptr.3d 457; *Kirsten v. Ocwen Loan Servicing, LLC* 2013 WL 5315577, 5 (E.D.Cal.)
(E.D.Cal.,2013); *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC,* 205
Cal.App.4th 999, 1030, 141 Cal.Rptr.3d 109 (2012), *review denied* (July 18, 2012), *as modified
on denial of reh'g* (May 30, 2012), and *Gudger v. Manton,* 21 Cal.2d at 545, 134 P.2d 217
(1943).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RECORDATION IS A FORM OF PUBLICATION**

Recording a document with a county's land records office is publication of the document.

2

*M.F. Farming, Co. v. Couch Distributing Co.,* 207 Cal.App.4th 180, 198-199, 143 Cal.Rptr.3d

160, 174 - 175 (Cal.App. 6 Dist.,2012); *Forte v. Nolfi,* 25 Cal.App.3d 656, 685, 102 Cal.Rptr.

3

455, 474 (Cal.App. 1972); *Coley v. Hecker,* 206 Cal. 22, 272 P. 1045 (Cal. 1928).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MALICE IN SLANDER OF TITLE ACTIONS DEFINED

2
     Malice requires a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.

3

4
*Kachlon v. Markowitz,* 168 Cal.App.4th 316, 336, 85 Cal.Rptr.3d 532 (2008)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CALIFORNIA CONSUMER CREDIT REPORTING ACT, CIVIL CODE § 1785.1 *et seq***

2
  The California Consumer Credit Reporting Act prohibits furnishing information on a specific transaction to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

3
Cal.Civ Code § 1785.25(a)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA CONSUMER CREDIT REPORTING ACT, CIVIL CODE § 1785.1 *et seq* – DEFINITION OF "INCOMPLETE OR INACCURATE"**

For purposes of the CCRAA, information is "incomplete or inaccurate" if the information is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." See *Carvalho v. Equifax Information Services, LLC,* 629 F.3d 876, 889–91 (9th Cir.2010).

*Thorp v. EduCap, Inc.*, 2013 WL 5956191, 3 (N.D.Cal.2013)

See *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1163 (9th Cir.2009) (holding information in consumer report "may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression")

*Thorp v. EduCap, Inc.*, 2013 WL 5956191, 4 (N.D.Cal.2013)

**CALIFORNIA CONSUMER CREDIT REPORTING ACT -- MEASURE OF DAMAGES**
Any consumer who suffers damages as a result of any violation may recover actual damages, including any pain and suffering you find to have been caused by the violation.

Cal. Civ. Code § 1785.31

1

2

3

**CALIFORNIA CONSUMER CREDIT REPORTING ACT – PUNITIVE DAMAGES**

  If you find that Bank of America has violated the California Consumer Credit Reporting Agencies Act, and you find that Bank of America's violation(s) was willful, then you must award punitive damages of at least $100 but no more than $5,000 per violation.

Civil Code § 1785.31(a)(2).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## CALIFORNIA CONSUMER CREDIT REPORTING ACT – DEFINITION OF "WILLFUL"

3
4
5

For purposes of the California Consumer Credit Reporting Act, "willful" means that Bank of America knew what it was doing and intended to do it. Bank of America's acts are not "willful" if you find that Bank of America believed reasonably and in good faith that its credit reporting concerning Patricia McFaul was accurate.

6

(*Ibrahim v. Ford Motor Co.,* 214 Cal.App.3d 878, 894 (1989)

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PUNITIVE DAMAGES**

If you decide that Bank of America's conduct caused Patricia McFaul harm, you must decide whether that conduct justifies an award of punitive damages against Bank of America. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Bank of America only if Patricia McFaul proves that Bank of America engaged in that conduct with malice, oppression, or fraud. To do this, Patricia McFaul must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Bank of America who acted on behalf of Bank of America; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Bank of America; or

3. That one or more officers, directors, or managing agents of Bank of America knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means Bank of America acted with intent to cause injury or Bank of America's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Bank of America's conduct was despicable and subjected Patricia McFaul to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Bank of America intentionally misrepresented or concealed a material fact and did so intending to harm Patricia McFaul.

Patricia McFaul must also prove one of the following by clear and convincing evidence:

1. That Erica Winn Canty, Irma Garay, Cathi Hataway Wilson, Shamain Lakhani, Temora Lloyd, Rosalva Reyes, Daniel Robinson, Loryn Stone, Yomari Quintanilla, and/or Candace Wilson was an officer, a director, or a managing agent of Bank of America, who was acting on behalf of Bank of America; or

2. That an officer, a director or a managing agent of Bank of America authorized any agent or employee's wrongful conduct,   or

3. That an officer, a director, or a managing agent of Bank of America knew of an employee or agent's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision-making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Bank of America's conduct? In deciding how reprehensible Bank of America's conduct was, you may consider, among other factors:

   1. Whether the conduct caused physical harm;
   2. Whether Bank of America disregarded the health or safety of others;
   3. Whether Patricia McFaul was financially weak or vulnerable and Bank of America knew Patricia McFaul was financially weak or vulnerable and took advantage of her;
   4. Whether Bank of America's conduct involved a pattern or practice; and
   5. Whether Bank of America acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Patricia McFaul's harm or between the amount of punitive damages and potential harm to Patricia McFaul that Bank of America knew was likely to occur because of its conduct?

(c) In view of Bank of America's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Bank of America has substantial financial resources.  Any award you impose may not exceed Bank of America's ability to pay.

Punitive damages may not be used to punish Bank of America for the impact of its alleged misconduct on persons other than Patricia McFaul.