CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
(wkennedy@kennedyconsumerlaw.com)
2797 Park Avenue, Suite 201
Santa Clara, CA  95050
(408) 241-1000 -TEL
(408) 241-1500 – FAX

Robert David Humphreys (*Pro Hac Vice OBA #12346*)
david@hwh-law.com
Lucius James Wallace
luke@hwh-law.com (*Pro Hac Vice OBA #16070*)
HUMPHREYS WALLACE HUMPHREYS, P.C.
9202 S. Toledo Avenue
Tulsa, OK  74137
(918) 747-5300 Telephone
(918) 747-5311 Facsimile

WILLIAM PURDY (CSB #96027)
LAW OFFICE OF SIMMONS & PURDY
2425 Porter Street, Suite 10
Soquel, CA 95073
(831) 464-6884
(831) 464-6886 fax
bill@@pamelaw.com

Attorneys for Plaintiff Patricia McFaul

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA MCFAUL, an individual <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A. <br><br> Defendant. | Case No.: 12-cv-05685-PSG <br><br> **PLAINTIFF'S MOTION IN LIMINE #1** <br><br> Trial Date: February 24, 2014 <br> Time: 9:30 a.m. <br> Hon. Paul S. Grewal <br> Courtroom 5, 4th Floor |

**INTRODUCTION**

Plaintiff, Patricia McFaul, moves the Court for an Order that Defendant, Bank of America, N.A., its witnesses, and attorneys shall not reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees or costs to Plaintiff under the Rosenthal Fair Debt Collection Practices Act or the California Consumer Credit Reporting Agencies Act should she succeed in this litigation nor that the possibility of such an award is the motivating factor behind the lawsuit.

**ARGUMENT**

Defendants in FDCPA and RFDCPA cases often claim that the Plaintiff's attorney's fee recovery is the "engine running this suit." That claim is, again, contrary to the intent of Congress and the State of California that the FDCPA and RFDCPA be enforced by private attorneys rather than overburdened public servants. *Graziano v. Harrison,* 950 F.2d 107. 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fee as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general").

Moreover, the argument is spurious where, as here, it is completely within Defendants' power to keep Plaintiffs' fee to a minimum. Defendants mount a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so. *MCGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). See also *Lipsett v. Blanco,* 975 F.2d 943, 941 (1st Cir. 1992). They cannot be heard to complain when this comes to pass.

The Ninth Circuit has clearly stated that in cases where the Plaintiff's claim is under a statute containing a fee shifting provision that "[t]he award of attorney's fees is a matter for the judge not the jury. . . . Furthermore, we believe that informing the jury of the possibility of fees could result in prejudice to the Plaintiff and undermine the public policies behind § 1988. " *Brooks v. Cook*, 938

F.2d 1048, 1050 (9th Cir. 1991). The Ninth Circuit went further to state:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are normal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

*Id*. at 1051.

The Ninth Circuit analogized withholding the fee shifting component of claims under 42 U.S.C. § 1988 from the jury with withholding knowledge of treble damages and the collateral source rule from the jury and held that like treble damages and collateral sources, the potential award of attorney fees should be withheld from the jury. *Id.* at 1051-1052.

The fees shifting component of the RFDCPA serves the same public policy as the fee shifting component of the FDCPA and 42 U.S.C. § 1988 of having individuals act as private attorneys general to enforce these provisions and the existence of a possible award of attorney fees should be withheld from the jury.

This motion does not seek to limit testimony or evidence regarding attorney fees paid to the law firm of Simmons and Purdy following Bank of America, N.A.'s filing of a Notice of Default. It is limited solely to the possible post-trial award of attorney fees under the Rosenthal Fair Debt Collection Practices Act.

## CONCLUSION

WHEREFORE, a Motion in Limine should be granted directing Defendant, Bank of America, N.A., Defendant's witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees or costs to the Plaintiff under the Rosenthal Fair Debt Collection Practices Act or the California Consumer Credit Reporting Agencies Act or that the possibility of such an award motivates the lawsuit.

Respectfully Submitted,

**HUMPHREYS WALLACE HUMPHREYS, P.C.**


By: /s/
David Humphreys, OBA #12346
Luke J. Wallace, OBA #16070
9202 S. Toledo Avenue
Tulsa, Oklahoma 74137
918-747-5300 / 918-747-5311 (Fax)

### CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of January, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of the foregoing instrument to the following ECF registrants:

Clayton Gaddis
cg@severson.com
Mark Joseph Kenney
mjk@severson.com
*Attorney for Defendant Bank of America, N.A.*

/s/ David Humphreys